TACHA, Circuit Judge.
Defendant Vincent Bad Heart Bull was indicted on September 18, 1997, with knowing possession of a firearm after a prior felony conviction in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). He entered a plea of not guilty on September 29, 1997. On November 6, 1997, the United States Attorney filed a Notice of Intent to Seek Enhanced Penalty pursuant to Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Section 924(e) establishes a mandatory minimum sentence of fifteen years for anyone convicted under 18 U.S.C. § 922(g) who has three prior convictions for a violent felony or serious drug offense. Defendant subsequently sought to change his plea, but the trial court rejected the plea and reset the matter for trial. On April 23, 1998, defendant again sought a change of plea. The court accepted a written plea agreement in which defendant pled guilty to the one count indictment.
The court sentenced defendant on July 2, 1998. The government offered six prior convictions of defendant that it believed qualified as violent felonies under 18 U.S.C. § 924(e)(2)(B). The proffered convictions included one each for felony menacing, aggravated assault, intimidating a witness, escape, and two for third degree burglary. The district court found the felony menacing, aggravated assault, and intimidating a witness convictions were “violent felonies” for purposes of § 924(e) and sentenced defendant to 180 months of incarceration.
Defendant appeals his enhanced sentence, claiming that the conviction for intimidating a witness does not constitute a violent felony under the test set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We take jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.
As an initial matter, the government contends that defendant waived his right to appeal his sentence when he signed his plea agreement. The written plea agreement states: “Defendant agrees to waive his right to appeal the sentence he receives as a result of this Plea Agreement. However, if the United States appeals the Defendant’s sentence pursuant to 18 U.S.C. § 3742(B), the Defendant is released from his waiver.” R., Vol. 1, Doc. 47 at 7. “A defendant’s knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable.” United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir.1998). However, defendant claims the waiver is unenforceable because the district judge stated at the change of plea hearing that he was accepting the plea but rejecting the part of the agreement that waived defendant’s right to appeal. For purposes of this case, we assume, without deciding the issue, that defendant could properly appeal his sentence.
Defendant argues that his conviction for intimidating a witness does not meet the “violent felony” test for § 924(e) sentence enhancement purposes.[1] According to defendant, the categorical analysis for determining what constitutes a violent felony established by the Supreme Court in Taylor leads to the conclusion that the witness intimidation conviction at issue is not a violent felony. We review the interpretation and application of sentence enhancements imposed under 18 U.S.C. § 924(e) de novo. See United States v. Romero, 122 F.3d 1334, 1340 (10th Cir.1997), *1218 cert. denied, - U.S. -, 118 S.Ct. 1310, 140 L.Ed.2d 474 (1998). However, we may affirm the sentence “for reasons other than those relied upon by the district court, provided they are supported by the record.” United States v. Myers, 106 F.3d 936, 941 (10th Cir.), cert. denied, 520 U.S. 1270, 117 S.Ct. 2446, 138 L.Ed.2d 205 (1997).
We need not address defendant’s argument because, even if his witness intimidation conviction did not count for the sentence enhancement, his 1981 escape conviction from Nebraska clearly constitutes a third violent felony that satisfies § 924(e). In United States v. Moudy, 132 F.3d 618, 620-21 (10th Cir.), cert. denied, — U.S. -, 118 S.Ct. 1334, 140 L.Ed.2d 494 (1998), we stated that “escape always constitutes” a violent felony under § 924(e)(2)(B). The escape conviction was properly in the record. Thus, regardless of the analysis concerning the witness intimidation conviction, defendant committed three prior violent felonies and was subject to enhanced sentencing under the Armed Career Criminal Act.
Accordingly, we AFFIRM the sentence imposed by the district court.

. Defendant did not challenge the use of the felony menacing and aggravated assault convictions.