F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VINCENT BAD HEART BULL,

    Defendant - Appellant.

No. 01-8095
(D.C. Nos. 00-CV-243-D,
97-CR-99-D)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Vincent Bad Heart Bull, a federal inmate appearing

pro se, seeks a certificate of appealability ("COA") allowing him to appeal the

district court's order denying relief on motion pursuant to 28 U.S.C. § 2255. The

district court held that the motion was time-barred and that Apprendi was not

retroactive. Because we find Mr. Bull's motion to be time-barred and Apprendi

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

inapplicable, we deny a COA and dismiss the appeal.

Mr. Bull pled guilty in April 1998 to being a felon in possession of a firearm and was sentenced on July 2, 1998. This court upheld the conviction on July 23, 1999, United States v. Bull, 182 F.3d 1216 (10th Cir. 1999), and denied Mr. Bull's request for a rehearing on August 19, 1999. The time to seek a writ of certiorari from the United States Supreme Court expired on November 17, 1999. Sup. Ct. R. 13. This petition was dated December 15, 2000 and filed on December 20, 2000.

28 U.S.C. § 2255 establishes a one-year statute of limitations that runs from the latest of the date on which the judgment of conviction becomes final or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. As the district court correctly noted, Mr. Bull's judgement of conviction became final on November 17, 1999. The § 2255 petition, therefore, became untimely on November 17, 2000. United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000).

Mr. Bull argues that his Apprendi v. New Jersey, 530 U.S. 466 (2000), claim is timely because his petition was filed within one-year of that decision, and this court should toll the statute of limitations as to his other claims because he believed he had one year from December 15, 1999 to file his petition. However,

Mr. Bull's <u>Apprendi</u> claim is not timely because this court has held that <u>Apprendi</u> is not retroactively applicable to initial habeas petitions. <u>United States v. Mora</u>, No. 01-8020, __ F.3d __, 2002 WL 1317126, at *3-4 (10th Cir. June 18, 2002). Moreover his Apprendi claim is meritless. <u>See</u> <u>United States v. Martinez-Villalva</u>, 232 F.3d 1329, 1331-32 (10th Cir. 2000). As to his remaining claims, ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing. <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000). He has not established grounds for equitable tolling. <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).

We, therefore, DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge