FILED
United States Court of Appeals
Tenth Circuit

October 24, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BILLY DWIGHT SMITH, JR.,

     Defendant - Appellant.

No. 17-6128
(D.C. Nos. 5:16-CV-00738-D and
5:00-CR-00049-D-1)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

In 2001, Billy Dwight Smith, Jr. was convicted of being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced under the Armed

Career Criminal Act (ACCA), *id.* § 924(e)(1). In 2003, he brought an unsuccessful

28 U.S.C. § 2255 motion. After the Supreme Court decided *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015), he sought and obtained this court's authorization to

file a second § 2255 motion. The district court denied that motion, and Mr. Smith

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

now seeks a certificate of appealability (COA) to appeal that denial. We deny a COA and dismiss this matter.

## BACKGROUND

The ACCA requires a minimum fifteen-year sentence for a defendant who violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Mr. Smith's three predicate convictions were two robberies with firearms in violation of Okla. Stat. tit. 21, § 801 and a burglary in the second degree in violation of Okla. Stat. tit. 21, § 1435. At sentencing, Mr. Smith did not challenge whether the *robbery convictions* qualified as violent felonies. His only objection was that under *Taylor v. United States*, 495 U.S. 575, 598-99 (1990), the *burglary conviction* did not qualify as a "generic" burglary and therefore was not a "violent felony" as defined by the ACCA.

The sentencing court stated:

Unquestionably, the two robbery convictions fall within the ACCA's definition of violent felony:

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –

(i) has as an element the use, attempted use, or threated use of physical force against the person of another; or

(ii) is burglary . . .

18 U.S.C. § 924(e)(2)(B). However, the defendant argues that the burglary offense does not fall within this definition.

R., Vol. 1 at 30. The district court rejected Mr. Smith's arguments regarding the burglary conviction, held that it qualified as a violent felony, and imposed an

2

ACCA-enhanced sentence. This court affirmed. *United States v. Smith*, 33 F. App'x 462, 466 (10th Cir. 2002).

The sentencing court's quote encompassed two of the ACCA's three definitions of "violent felony." Section 924(e)(2)(B)(i) is known as the "elements clause" or the "force clause," and the first half of § 924(e)(2)(B)(ii), which lists four specific offenses (including burglary), is known as the "enumerated offenses clause." In addition to omitting the non-relevant enumerated offenses, the sentencing court excised the second half of § 924(e)(2)(B)(ii), which is the ACCA's third definition of "violent felony"—an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." This second half of § 924(e)(2)(B)(ii) is known as the "residual clause."

Long after Mr. Smith's sentencing, *Johnson* invalidated the residual clause for being unconstitutionally vague. 135 S. Ct. at 2557, 2563. Once the Supreme Court made *Johnson* retroactive to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), this court authorized Mr. Smith to bring a second § 2255 motion relying on *Johnson*.

The district court accepted Mr. Smith's second § 2255 motion as timely but rejected it on the merits,[1] finding that the sentencing court did not rely on the residual clause in sentencing him. It dismissed the second § 2255 motion and denied a COA.

---

[1] Mr. Smith argues before this court that the district court rejected his motion as untimely, but he is incorrect. *See* R., Vol. 1 at 106 ("After receiving the court of appeals' authorization, Defendant filed his *pro se* Motion within one year after the *Johnson* decision, and thus, the Motion is timely under § 2255(f)(3).").

3

## DISCUSSION

To obtain a COA, Mr. Smith must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court rejected his constitutional claim on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*Johnson* invalidated only the residual clause; it explicitly stated that it "[did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." 135 S. Ct. at 2563. So an applicant is not entitled to relief under *Johnson* where a sentencing court did not rely on the residual clause, but instead imposed sentence based on the elements or enumerated offenses clauses. *See United States v. Snyder*, __ F.3d __, No. 16-8117, 2017 WL 4171886, at *6 (10th Cir. Sept. 21, 2017).

Mr. Smith argues that the record is unclear whether the sentencing court relied on the residual clause in considering his robbery and burglary convictions, and that his sentence is impermissible because under current law, the robberies do not satisfy the elements clause and the burglary does not satisfy the enumerated offenses clause. But we need not consider whether the convictions would qualify as ACCA predicates if Mr. Smith were sentenced under current law. The initial question is whether a reasonable jurist could debate the district court's finding that the sentencing court did not rely on the residual clause in sentencing Mr. Smith under the ACCA. And that question is dispositive because no reasonable jurist could debate this issue.

4

Nothing in the record indicates that the sentencing court may have relied on the residual clause. To the contrary, the court's discussion directly linked the robbery convictions and the burglary conviction to the quoted portions of the statute—the elements and enumerated offenses clauses. *See Snyder*, 2017 WL 4171886, at 5-6. The sentencing court's omission of the residual clause (like the non-relevant enumerated offenses) indicates that clause played no part in the decision; otherwise, the court would also have quoted it. Further, the primary issue at sentencing was whether the burglary conviction satisfied the enumerated offenses clause. *See* R., Vol. 1 at 19-21, 23-26 (parties' arguments); *id.* at 30-32 (sentencing court's order); *see also Smith*, 33 F. App'x at 466 (emphasizing the enumerated-offenses-clause listing of burglary).

With the sentencing court focusing on the elements and enumerated offenses clauses, "there would have been no need for reliance on the residual clause," *Snyder*, 2017 WL 4171886, at *6. Under these circumstances, no reasonable jurist could debate the district court's finding that the residual clause played no role in supporting Mr. Smith's ACCA-enhanced sentence. Therefore, no reasonable jurist could debate whether he is entitled to relief under *Johnson*. *See Snyder*, 2017 WL 4171886, at *6. A COA is denied and the matter is dismissed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5