**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MICHAEL LEE SNYDER,

　　　　Defendant - Appellant.

No. 05-8023

(D.C. No. 04-CR-118-J)

(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

On March 8, 2004, Defendant went "car-hopping" with a juvenile in Cheyenne, Wyoming, stealing various items from inside automobiles. The next day, on another car-hopping spree, Defendant and two companions stole a pickup

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

truck and went for a joyride. Inside the truck was a Smith & Wesson revolver, which Defendant stole. A few days later, Defendant's sister called the police to report that Defendant was staying in her home and had recently brought some stolen merchandise into it. The responding officer obtained a consent to search from Defendant's sister and found the gun among Defendant's personal effects. When Defendant returned to his sister's house, he was arrested. Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report prepared by the probation office concluded that Defendant had three prior convictions involving "violent felonies" as defined by the Armed Career Criminal Act ("ACCA"), and, therefore, Defendant was subject to a mandatory minimum sentence of fifteen years under 18 U.S.C. § 924(e).

Under 924(e)(1), "a person who violates section 922(g) of [title 18] and has three previous convictions . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years . . . ." Relying on *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Defendant objected to the presentence report's conclusion that he had been convicted of three "violent felonies" for purposes of the ACCA. He argued that this determination constituted a finding of fact that only a jury can make and only after applying a "beyond a reasonable doubt" standard. The district court

overruled Defendant's objection and held that, by a preponderance of the evidence, Defendant had three prior "violent felony" convictions–two for burglary and one for distributing a controlled substance–and sentenced Defendant to fifteen years' imprisonment pursuant to 18 U.S.C. § 924(e).

On appeal, Defendant again challenges his sentence as being imposed in violation of his constitutional rights, as recently articulated by the Supreme Court in *United States v. Booker*, __U.S.__, 125 S. Ct. 738 (2005). Specifically, Defendant claims that the district court committed constitutional error when it concluded by a preponderance of the evidence that his prior convictions were "violent felonies" under the ACCA. A sentence enhancement under the ACCA is a legal issue and, thus, we review it de novo. *United States v. Moudy*, 132 F.3d 618, 619 (10th Cir. 1998).

We agree with Defendant's admission in his brief that "[t]here is precedent within this Circuit against [Defendant's] position." Aplt. Br. at 14; *see United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005).[1] In *Moore*, citing the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), we held that a district court's determination that a defendant's prior convictions

---

[1]We note that Defendant raises this issue as a preservation technique to possibly overturn *Moore* by an en banc decision from this court, or a decision by the United States Supreme Court. Unless and until that happens, we are bound by the precedent of this court articulated in *Moore*.

constituted "violent felonies" for purposes of the ACCA was a question of law to be determined by court, and not a question of fact required to be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt. 401 F.3d at 1222-26. Therefore, consistent with our decision in *Moore*, Defendant's sentence pursuant to the ACCA must stand.

We **AFFIRM** the district court's sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-