**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL LEE SNYDER,

      Defendant-Appellant.

No. 16-8117

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. Nos. 2:16-CV-00058-ABJ and 2:04-CR-00118-ABJ-1)**

---

Meredith B. Esser, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Jason M. Conder, Assistant United States Attorney, Lander, Wyoming (Christopher A. Crofts, United States Attorney, and David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, on the brief), for Plaintiff-Appellee.

---

Before **KELLY**, **BRISCOE**, and **McHUGH**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

In this 28 U.S.C. § 2255 motion, Michael Lee Snyder asks for immediate

release from federal custody on the basis that he has already served more than the

maximum sentence allowed by law for his crimes. In particular, he argues that the Supreme Court's recent decision in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015), invalidates his sentence enhancement under the Armed Career Criminal Act (ACCA). The district court denied Snyder's motion. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm. In doing so, we conclude that Snyder has timely asserted a Johnson claim and has established cause and prejudice to avoid procedural default, but his claim fails on the merits because, after examination of the record and the relevant background legal environment, it is apparent that he was not sentenced based on the ACCA's residual clause that was invalidated in Johnson.

**I**

In December 2004, Snyder pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ROA, Vol. 2 at 416. A presentence report (PSR) was prepared and submitted to the district court and the parties. The PSR concluded, in a section entitled "Offense Level Computations," that Snyder was "subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) as an armed career criminal" because "[h]e ha[d] sustained two convictions for Burglary of two residences, and a conviction of a controlled substance offense, Delivery of Marijuana." Supp. ROA at 7. The PSR in turn, in a section entitled "THE Defendant'S [sic] CRIMINAL HISTORY," discussed Snyder's criminal history and noted, in pertinent part, that Snyder had a

2

November 1994 Wyoming state conviction for delivery of marijuana, as well as two Wyoming state convictions for burglary of inhabited residences, one arising in October 1995 and the other in January 2004.  Id. at 7, 12-13, 18.  Finally, in a section entitled "SENTENCING OPTIONS," the PSR concluded that Snyder's "minimum term of incarceration [wa]s fifteen years and the maximum term [wa]s life" pursuant to "18 U.S.C. § 924(e)(1)."  Id. at 25.

Snyder objected to the PSR's proposed application of the ACCA on the grounds that doing so would violate Apprendi v. New Jersey, 530 U.S. 466 (2000), because the fact of his prior convictions had not been alleged in the indictment or proven to a jury beyond a reasonable doubt.

The district court sentenced Snyder on March 1, 2005.  Snyder's counsel reiterated the Apprendi-based objection to Snyder being sentenced under the ACCA.  At no time, however, did Snyder's counsel otherwise argue that Snyder's Wyoming burglary convictions failed to constitute predicate offenses under the ACCA.  The district court rejected Snyder's Apprendi-based objection, adopted the PSR's calculations and recommendations, and sentenced Snyder to the statutory minimum sentence of 15 years, less seven months and nineteen days served on a related state sentence, for which credit could not be granted by the Federal Bureau of Prisons pursuant to 18 U.S.C. § 3585.

Snyder filed a direct appeal challenging his sentence.  In doing so, he asserted only his Apprendi-based objections and made no argument that his prior

3

convictions failed to qualify as predicate offenses under the ACCA. This court rejected Snyder's arguments and affirmed his sentence. See United States v. Snyder, 158 F. App'x. 942 (10th Cir. 2005) (unpublished).

On June 26, 2015, the Supreme Court decided Johnson. On October 15, 2015, Snyder filed a letter with the district court asking for assistance in obtaining relief under Johnson. ROA, Vol. 1 at 6. Then, on March 30, 2016, with the assistance of counsel, he filed a motion to vacate his sentence and for immediate release pursuant to 28 U.S.C. § 2255. Id. at 39. In this motion, he asserted that, following the Court's decision in Johnson, his Wyoming state burglary convictions no longer qualify as predicate offenses under the ACCA, so he is not an armed career criminal, and his enhanced sentence exceeds the maximum authorized by law. See id. at 41.

The district court denied Snyder's motion and also denied a Certificate of Appealability (COA). See id. at 132–52; see Fed. R. App. P. 22. We granted a COA and heard argument on the merits.

## II

"On appeal from the denial of a § 2255 motion, ordinarily 'we review the district court's findings of fact for clear error and its conclusions of law de novo.'" United States v. Barrett, 797 F.3d 1207, 1213 (10th Cir. 2015) (quoting United States v. Rushin, 642 F.3d 1299, 1302 (10th Cir. 2011)).

### *Timeliness*

4

A § 2255 motion must be filed within one year of the latest of four qualifying events. 28 U.S.C. § 2255(f). As relevant here, this is the latest of either "the date on which the judgment of conviction bec[ame] final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(1), (3).

The district court concluded that Snyder's motion was not timely under either of these subsections. To begin with, it concluded that the motion was not timely under § 2255(f)(1) because it was filed more than a year after the date on which his judgment of conviction became final. Further, the district court concluded that the motion was not timely under § 2255(f)(3) because, even though it alleged a right to relief under Johnson, "[t]he actual facts of record in this matter offer[ed] no basis whatsoever for the notion the sentence [Snyder] received was based on the ACCA's 'residual clause,' rather than its 'enumerated offenses clause.'" ROA at 133. In other words, the district court looked beyond the allegations contained in Snyder's § 2255 motion and determined whether Snyder was actually entitled to relief under Johnson. Id. Although, as we shall explain below, we ultimately agree with the district court that Snyder is not entitled to relief under Johnson, we disagree that his § 2255 motion was untimely.

By its plain language, the statute allows a § 2255 motion to be filed within one year of "the date on which the right *asserted* was initially recognized by the

5

Supreme Court." 28 U.S.C. § 2255(f)(3) (emphasis added). "We give the words of a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." Wall v. Kholi, 562 U.S. 545, 551 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 431 (2000)). To "assert" means "[t]o state positively" or "[t]o invoke or enforce a legal right." *Assert*, Black's Law Dictionary (10th ed. 2014). Thus, in order to be timely under § 2255(f)(3), a § 2255 motion need only "invoke" the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim.[1]

And Snyder's § 2255 motion did just that, alleging, in pertinent part, that his "ACCA sentence is no longer valid under Johnson." ROA, Vol. 1 at 41. In Johnson, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because "the indeterminacy of the wide-ranging inquiry required by

---

[1] In her concurrence, Judge McHugh concludes, citing United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017), that she "would allow Mr. Snyder to *rely on* § 2255(f)(3) and . . . would [thus] conclude that the petition is timely." Concurrence at 5 (emphasis added). Winston, however, addressed a slightly different question: whether the movant, who sought to file a second § 2255 motion, could "show that his claim 'relie[d] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" 850 F.3d at 682 (quoting 28 U.S.C. § 2244(b)(2)(A)). Whether or not the phrase "the right asserted," as used in § 2255(f)(3), effectively carries the same meaning as "relies on," as used in § 2244(b)(2)(A), is a question we need not address.

the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 135 S. Ct. at 2557. Then, in Welch v. United States, __ U.S. __, 136 S. Ct. 1257 (2016), the Court held that this rule "ha[d] retroactive effect in cases on collateral review." Welch, 136 S. Ct. at 1268. Because the residual clause is invalid, "it can no longer mandate or authorize *any* sentence." Id. at 1265 (emphasis added). Whether or not Snyder can ultimately prevail on his motion, he *asserts* the right established in Johnson, to be free from a sentence purportedly authorized by the unconstitutionally vague residual clause. Thus, his § 2255 motion, filed within a year of the Court's decision in Johnson, is timely under § 2255(f)(3).

### *Procedural Default*

"[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Snyder asserts, and we agree, that he has demonstrated cause and prejudice sufficient to overcome the procedural default rule.[2]

---

[2] Thus, we do not address his argument that he is actually innocent of the ACCA. See Dretke v. Haley, 541 U.S. 386, 393–94 (2004) ("[A] federal court
(continued...)

7

*Cause*

Cause excusing procedural default is shown if a claim "is so novel that its legal basis [wa]s not reasonably available to counsel" at the time of the direct appeal.[3]  Reed v. Ross, 468 U.S. 1, 16 (1984).  As is relevant here, the Supreme Court has stated that, if one of its decisions "explicitly overrule[s]" prior precedent when it articulates "a constitutional principle that had not been previously recognized but which is held to have retroactive application," then, prior to that decision, the new constitutional principle was not reasonably available to counsel, so a defendant has cause for failing to raise the issue.  Id. at 17.

_____

(...continued)
faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default.").

[3]  The Supreme Court has indicated that the standard for cause and prejudice operates consistently in motions under both § 2254 and § 2255.  See Bousley, 523 U.S. at 622 (addressing a federal procedural default in a motion under § 2255 and quoting Reed v. Ross, 468 U.S. 1, 16 (1984), which addressed a state procedural default under § 2254); Frady, 456 U.S. at 167 (establishing the cause and prejudice standard for procedural default in a motion under § 2255, and citing Davis v. United States, 411 U.S. 233 (1973) (addressing a motion under § 2255), Francis v. Henderson, 425 U.S. 536 (1976) (same), and Wainwright v. Sykes, 433 U.S. 72 (1977) (addressing a motion under § 2254)); Reed, 468 U.S. at 8–9 (addressing a motion under § 2254, but citing the standard from Frady, 456 U.S. 152, which addressed a motion under § 2255); Frady. 456 U.S. at 166 (noting that, although a § 2255 motion does not implicate concerns of comity for state court judgments that exist in a § 2254 motion, there is "no basis for affording federal prisoners a preferred status when they seek postconviction relief").  Because the Court cites these cases interchangeably, we do as well.

And that is precisely the situation here. As the District of Columbia Circuit has noted, "it is fair to say that no one—the government, the judge, or the [defendant]—could reasonably have anticipated Johnson." United States v. Redrick, 841 F.3d 478, 840 (D.C. Cir. 2016). In fact, between the time we affirmed Snyder's sentence on direct appeal and the time Johnson was issued, the Supreme Court twice rejected constitutional challenges to the ACCA's residual clause. See Sykes v. United States, 564 U.S. 1 (2011); James v. United States, 550 U.S. 192 (2007). We therefore conclude that the Johnson claim was not reasonably available to Snyder at the time of his direct appeal, and that this is sufficient to establish cause.

*Prejudice*

Snyder must also show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The Supreme Court has "refrained from giving 'precise content' to the term 'prejudice,' expressly leaving to future cases further elaboration of the significance of that term," id. at 168 (quoting Wainwright v. Sykes, 433 U.S. 72, 91 (1977)), but its language indicates that Snyder must show that the error of which he complains is an "error of constitutional dimensions" that "worked to his actual and substantial disadvantage." Id. at 170.

Snyder was sentenced under 18 U.S.C. § 924(e)(1), which carries a mandatory minimum sentence of fifteen years' imprisonment. He claims that this

9

statute does not apply to him and that his ACCA sentence enhancement is invalid after <u>Johnson</u>. If he is correct, he should instead have been sentenced under 18 U.S.C. § 924(a)(2), which carries a statutory maximum sentence of only ten years' imprisonment. Thus, there is not just a possibility, but a certainty, that the alleged error influenced the outcome of Snyder's sentencing, because his sentence of 172 months and 10 days would exceed the statutory maximum allowed for his crimes. A sentence that is not authorized by law is certainly an "actual and substantial disadvantage" of "constitutional dimensions." <u>See</u> <u>Frady</u>, 456 U.S. at 170. Thus, Snyder has shown actual prejudice arising from the asserted error. Because he has shown both cause and prejudice, his claim overcomes procedural default.

### *The Merits of Snyder's Claim*

Finally, we turn to the merits of Snyder's claim. Snyder alleges in his § 2255 motion that "[u]nder <u>Johnson</u>, [his] prior burglary convictions cannot sustain the ACCA sentencing enhancement." ROA, Vol. 1 at 42. This allegation necessarily implies that the district court, in sentencing Snyder under the ACCA, concluded that his prior burglary convictions fell within the scope of the ACCA's residual clause. In other words, it necessarily implies that Snyder's ACCA sentence "was imposed under an invalid—indeed, unconstitutional—legal theory, and that [Snyder] was, therefore, sentenced in violation of the Constitution." <u>United States v. Geozos</u>, No. 17-35018, slip op. at 10, 2017 WL 3712155 at *4

10

(9th Cir. Aug. 29, 2017).

The district court, however, found that "[t]he actual facts of record in this matter offer no basis whatsoever for the notion the sentence [Snyder] received was based on the ACCA's 'residual clause,' rather than its 'enumerated offenses clause.'" ROA, Vol. 1 at 133. In other words, the district court found, as a matter of historical fact, that it did not apply the ACCA's residual clause in sentencing Snyder under the ACCA. In support, the district court began by noting that "[b]urglary is an enumerated offense under the ACCA, and [Snyder's] criminal history included three of them, two of which were characterized by the PSR as residential burglaries." Id. The district court in turn noted that the PSR "*only counted these two residential burglary convictions* for ACCA purposes" and "*did not count* [Snyder's] prior automobile burglary conviction under the very same statute, clearly recognizing, under *Taylor v. United States*[, 495 U.S. 575 (1990)], vehicle burglaries do not count for ACCA purposes." Id. (emphasis in original). The district court also noted that Snyder "made absolutely no objection to the PSR characterization of his residential burglary convictions as violent felonies under the ACCA, other than his *Apprendi* claim." Id. at 134. Likewise, the district court noted, Snyder "simply renewed his *Apprendi* claim" at the sentencing hearing, "and argued nothing more." Id. Lastly, the district court noted that phrase "residual clause" was not mentioned at all in the PSR or at any other time "throughout [Snyder's] entire sentencing process." Id. at 135.

11

We agree with the district court. "[A] court's determination that a defendant qualifies for an ACCA enhancement is a finding." Geozos, slip op. at 9, 2017 WL 3712155 at *3 (citing Shepard v. United States, 544 U.S. 13, 25 (2005)). It is, however, a finding that "rests largely on legal conclusions—state offense X is categorically a 'violent felony,' state offense Y is not, etc." Id., slip op. at 12, 2017 WL 3712155 at *4. "For that reason, it may be possible to determine that a sentencing court did not rely on the residual clause—even when the sentencing record alone is unclear—by looking to the relevant background legal environment at the time of sentencing." Id.

> If, for instance, binding circuit precedent at the time of sentencing was that crime Z qualified as a violent felony under the force clause, then a court's failure to invoke the force clause expressly at sentencing, when there were three predicate convictions for crime Z, would not render unclear the ground on which the court's ACCA determination rested. * * * By analogy, a claim does not 'rely' on [Johnson] if it is possible to conclude, using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's ACCA determination did not rest on the residual clause.

Id., slip op. at 12-13, 2017 WL 3712155 at *4. Thus, the relevant background legal environment is, so to speak, a "snapshot" of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions.

In this case, Snyder's sentencing proceeding occurred against the backdrop of the Supreme Court's decision in Taylor. In Taylor, the Supreme Court

12

construed the ACCA's enumerated offenses clause and held

> that a person has been convicted of a burglary for purposes of a
> § 924(e) enhancement if he is convicted of any crime, regardless of
> its exact definition or label, having the basic elements of unlawful or
> unprivileged entry into, or remaining in, a building or structure, with
> intent to commit a crime.

495 U.S. at 599. The Court also held that "[t]his categorical approach . . . may

permit [a] sentencing court to go beyond the mere fact of conviction in a narrow

range of cases where a jury was actually required to find all the elements of

generic burglary." Id. at 602. "For example," the Court stated,

> in a State whose burglary statutes include entry of an automobile as
> well as a building, if the indictment or information and jury
> instructions show that the defendant was charged only with a
> burglary of a building, and that the jury necessarily had to find an
> entry of a building to convict, then the Government should be
> allowed to use the conviction for enhancement.

Id.

In light of Taylor, there would have been little dispute at the time of

Snyder's sentencing that his two Wyoming burglary convictions involving

occupied structures fell within the scope of the ACCA's enumerated crimes

clause.[4] To be sure, the Wyoming statute under which these convictions arose

---

[4] Approximately four years after Snyder was sentenced, this court expressly concluded that Wyoming state burglary convictions that involved occupied structures constituted qualifying offenses under the ACCA's enumerated crimes clause. United States v. Gonzales, 558 F.3d 1193, 1196-98 (10th Cir. 2009).

Gonzales has since been abrogated by the Supreme Court's decision in Mathis v. United States, __ U.S. __, 136 S. Ct. 2243 (2016). In Mathis, the

(continued...)

13

includes entry of "occupied structure[s] or vehicle[s]." Wyo. Stat. § 6-3-301(a). But it would have been permissible for the district court to examine the underlying charging documents and/or jury instructions to determine if Snyder was charged only with burglary of buildings. And the PSR in Snyder's case actually did just that, without any objection from Snyder.

Considering the record in Snyder's case in light of this relevant background legal environment, we are unable to disagree with the district court's finding that its ACCA determination rested on application of the enumerated crimes clause, rather than the residual clause. As the district court noted, there is no mention whatsoever of the residual clause in the PSR or any of the other district court pleadings or transcripts. Moreover, given the relevant background legal environment that existed at the time of Snyder's sentencing, there would have been no need for reliance on the residual clause.

Finally, it is telling that Snyder's § 2255 pleadings focus primarily on the

_____

[4](...continued)
Supreme Court held that in "determin[ing] whether a prior conviction is for generic burglary (or other listed crime) courts apply . . . the categorical approach" and must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." 136 S. Ct. at 2248. Thus, the Court held, "if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." Id.

14

applicability of the enumerated crimes clause.  Indeed, we agree with the government that Snyder's "contention [i]s not a true <u>Johnson</u> claim, but [i]s rather a poorly disguised claim under <u>Taylor</u>[ v. United States, 495 U.S. 575 (1990)], <u>Shepard</u>[ v. United States, 544 U.S. 13 (2005)], and their progeny" that his convictions for Wyoming burglary do not qualify as predicate offenses under the enumerated crimes clause.  Aplee. Br. at 14.

For these reasons, we conclude that Snyder's <u>Johnson</u> claim must fail because the district court's ACCA's determination at the time of sentencing rested on the enumerated crimes clause rather than the residual clause.

**IV**

The decision of the district court denying Snyder's motion under 28 U.S.C. § 2255 is AFFIRMED.

16-8117, <u>United States v. Snyder</u>

**McHUGH**, Circuit Judge, concurring in result.


I concur with the majority opinion that Mr. Snyder cannot prevail on his motion to vacate or correct his sentence. But I write separately because I depart from the majority's "Timeliness" analysis.

First, I agree with the majority that Mr. Snyder has "asserted" a claim based on the Supreme Court's recent decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015). Maj. Op. at 5–7. In my view, however, that assertion is not sufficient to afford Mr. Snyder an additional year in which to bring his petition.

Section 2255(f)(3) provides that Mr. Snyder had one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). This provision expressly requires more than an "assertion" of a right by the petitioner. Instead, to be entitled to file within one year of a Supreme Court decision: (1) the petitioner must assert the right; (2) the right asserted must have been recognized in the Supreme Court decision; (3) that recognition by the Supreme Court must be new; and (4) the newly recognized right must have been made retroactively applicable to cases on collateral review by the Supreme Court. In my view, the majority overlooks all but the first of these requirements in its interpretation of § 2255(f)(3). And by doing so, the majority interprets the statute inconsistently with Congress's intent to limit the number of collateral-review cases before the federal courts

and thereby encourage respect for the finality of convictions. See Case v. Hatch, 731 F.3d 1015, 1045 (10th Cir. 2013) ("Congress enacted AEDPA, not only to afford the appropriate respect for the finality of state court proceedings, but also with the intent to conserve judicial resources and to streamline the federal habeas process . . . .").

By focusing on only part of the language of § 2255(f)(3), the majority ignores the ways in which Congress cabined a petitioner's ability to defeat these legislative goals. To be sure, the majority provides a well-reasoned and persuasive analysis of the term "asserts," concluding that it requires merely that the petitioner "state positively" or "invoke or enforce a legal right." Maj. Op. at 6. But an assertion is only a part of what must occur before an otherwise untimely petition can be filed under § 2255(f)(3).

The statute next requires that the right asserted be "recognized by the Supreme Court." 28 U.S.C. 2255(f)(3). The majority correctly states that we must give statutory terms "their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." Wall v. Kholi, 562 U.S. 545, 551 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 431 (2000)). Maj. Op. at 6. There is no contrary indication here, so we apply the common meaning of the term "recognize" used in § 2255(f)(3). To "recognize" means "to admit the fact, truth or validity of." *Recognize*, Webster's Third New International Dictionary of the English Language Unabridged (2002).

The only right the Supreme Court "admit[ted] the fact, truth, or validity of" in Johnson, is the right not to be sentenced as an armed career criminal under the residual clause of the Armed Career Criminal Act ("ACCA"). Thus, to the extent a petitioner

2

asserts any other right, I would hold that it is not a right "recognized" by Johnson. See

United States v. Kundo, No. 16-4128, 2017 WL 3084628, at *3 (10th Cir. July 20, 2017)

(unpublished) (holding that the petition was untimely despite the assertion of Johnson

because the petitioner had not been sentenced under the ACCA); United States v.

Contreras, __ F. App'x __, 2017 WL 1857236, at *2 (10th Cir. Mar. 8, 2017)

(unpublished) (holding that the petition was untimely despite the assertion of Johnson

because the petitioner's sentence was imposed under enumerated-offenses clause of 18

U.S.C. § 3559(c) (three strikes law), rather than the residual clause of the ACCA). See

also Holt v. United States, 843 F.3d 720, 724 (7th Cir. 2016) (holding that although

petitioner's burglary conviction was misclassified as a crime of violence, "the argument

being made was statutory rather than constitutional and did not rest on Johnson or any

other retroactive rule of constitutional law"). In Douglas v. United States, the Seventh

Circuit explained:

> The invocation of § 2255 is problematic. Douglas treats . . . [Johnson] as opening to collateral review all sentences under the Armed Career Criminal Act. Yet the Court did not hold the Act invalid; [Johnson] concerns only a part of § 924(e)(2)(B)(ii). The elements clause in § 924(e)(2)(B)(i) remains in effect, as does the burglary clause in § 924(e)(2)(B)(ii). . . . The district court concluded that Douglas's prior convictions are violent felonies under the elements clause of § 924(e)(2)(B)(i), so [Johnson], does not affect his situation.

858 F.3d 1069, 1070 (7th Cir. 2017). Because the United States failed to object to the

defendant's use of § 2255(f)(3), however, the Seventh Circuit gave effect to the United

States' waiver. *Id.*

Thus, I do not agree that any petitioner who "asserts" a <u>Johnson</u> claim is then entitled to challenge his career criminal status under any or all clauses of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Maj. Op. at 8–9. Instead, I would hold that the court may reject a petition asserted under <u>Johnson</u> as untimely where the record reveals that the petitioner is not asserting the right recognized in <u>Johnson</u>—the right not to be sentenced as an armed career criminal under the residual clause of the ACCA. If the petitioner is asserting any other right, including a right not to be sentenced under a different clause of the ACCA, I would hold that § 2255(f)(3) is inapplicable and the motion is untimely if not filed within one year of when the conviction became final.

Accordingly, I would not extend the Supreme Court's decision in <u>Johnson</u> as far as the majority opinion would. In my view, when the sentencing court identifies the particular clause of the ACCA that justifies the enhanced sentence, the defendant must make a timely challenge to that enhancement if he believes the sentencing court's assessment was in error. Under the plain language of § 2255(f)(3), a defendant who fails to do so cannot use the Supreme Court's recognition of the right not to receive an enhanced sentence under a different clause of the ACCA as a vehicle to raise that challenge years later.

Although I disagree with the application of the majority opinion's analysis of timeliness generally, I am in agreement as to the timeliness of Mr. Snyder's petition. The sentencing court in Mr. Snyder's case did not indicate how he qualified as a career criminal. Thus, he has asserted a right that may have been recognized by the Supreme Court in <u>Johnson</u>. Under these circumstances, I would allow Mr. Snyder to rely on

4

§ 2255(f)(3) and I would conclude that the petition is timely. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) ("We therefore hold that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in Johnson II, the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A)."). See also In re Chance, 831 F.3d 1335, 1340–41 (11th Cir. 2016).

I am also in agreement with the majority's analysis concerning Mr. Snyder's inability to prevail on the merits. Although the sentencing court did not identify the specific basis for the ACCA enhancement, the record when read in light of the "relevant background legal environment" leaves no doubt that Mr. Snyder's ACCA enhancement was based on the sentencing court's application of the enumerated offenses clause. Maj. Op. at 14. That clause remains in full force and effect after Johnson.

I therefore join in the majority's conclusion that the decision of the district court denying Mr. Snyder's motion under 28 U.S.C. § 2255 should be affirmed. Maj. Op. at 14.