**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SAMUEL JAY BUCK,

      Defendant - Appellant.

No. 16-8103
(D.C. Nos. 1:16-CV-00081-SWS and
2:06-CR-00007-WFD-1)
(D. Wyo.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

---

In 2006, Samuel Jay Buck pled guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). His criminal history included three 1991 convictions for first degree arson in violation of Ore. Rev. Stat. § 164.325. Without objection, the district judge concluded these convictions were "violent felon[ies]" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), and sentenced him to 15 years imprisonment, the mandatory minimum sentence required by the ACCA.[1]  *See* 18 U.S.C.

---

[1] The prior arson convictions arose out of three separate arson incidents occurring on July 15, 17, and 18, 1991. They were combined into one criminal case. On each count, he was sentenced to 180 days in jail, with 90 days suspended, to be followed by three years of supervised probation. His probation was revoked and he was sentenced to

§ 924(e)(1). At the time of sentencing, the ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offense clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id*. § 924(e)(2)(B). Buck did not file a direct appeal.

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court decided the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557, 2563. It left untouched the remainder of the ACCA's definition of "violent felony" including the enumerated-offense clause. *Id.* at 2563. On April 18, 2016, it made *Johnson*'s holding retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).

Relying on *Johnson*, Buck filed a 28 U.S.C. § 2255 motion (his first) on April 21, 2016. He argued that after *Johnson*, his arson convictions could only qualify as violent felonies under the ACCA if they satisfied either the elements clause or the enumerated-offense clause; they met neither. Relevant here, he claimed they did not constitute violent felonies under the enumerated-offense clause because Oregon's arson statute is broader than generic arson. Had he not received the ACCA enhancement, he says, the

---

six months in prison.

guideline range would have been 24-30 months.

The district judge concluded Buck's arson convictions were considered violent felonies under the ACCA's enumerated-offense clause, not the residual clause invalidated by *Johnson*. Because *Johnson* was inapplicable, Buck's § 2255 motion was untimely as it was not filed within one year of his judgment of conviction becoming final. *See* 28 U.S.C. § 2255(f)(1). The judge also rejected Buck's claim that his prior arson convictions could only have been considered violent felonies under the ACCA's residual clause (rather than the enumerated-offense clause) because the Oregon arson statute is broader than the requirements for generic arson. He decided Oregon's arson statute falls within and is not broader than generic arson.

Buck did not request a certificate of appealability (COA) from the district court and the judge did not address a COA. But, as Buck acknowledges, a COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Buck says his § 2255 motion is timely because it was filed within one-year of *Johnson*. He relies on 28 U.S.C. § 2255(f)(3), which allows a § 2255 motion to be filed

within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

"[T]o be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim." *United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017). Buck's § 2255 motion "invoked" *Johnson* by alleging his ACCA sentence is no longer valid after *Johnson*. *Id*. Because he filed his § 2255 motion within one year of *Johnson*, it is timely under § 2255(f)(3). However, "[w]hether or not [he] can ultimately prevail on his motion," is another matter, to which we now turn. *Id*.

Buck claims his sentence was the result of the judge concluding his previous arson convictions constituted violent felonies under the unconstitutional residual clause. The judge found otherwise:

> Mr. Buck . . . was not sentenced pursuant to the ACCA's residual clause. The ACCA's definition of "violent felony" also includes certain enumerated offenses—burglary, *arson*, extortion, or any crime involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii). It is clear from the record of Defendant's criminal proceedings that his three first degree arson convictions were the predicate violent felony crimes used for the sentence enhancement under § 924(e)(1). The record makes absolutely no mention of the residual clause, nor does the record contain any discussion or analysis to suggest the sentencing court ever even considered whether Defendant's prior convictions would fall under the residual clause.

(R. Vol. 1 at 64.)

Buck claims the judge erred in deciding he was not sentenced pursuant to the residual clause. According to him, it is impossible to tell from the record whether his prior arson convictions fell under the elements clause, the enumerated-offense clause, or

- 4 -

the residual clause. Because the residual clause potentially influenced his sentence and that clause is unconstitutionally vague, he has demonstrated *Johnson* error. We see it differently.

The record suggests the judge's ACCA decision did not rest on the residual clause but rather the enumerated-offense clause. For one, there is no mention of the residual clause in the sentencing record. Moreover, the enumerated-offense clause explicitly includes "arson" as a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). The prior convictions used to enhance Buck's sentence under the ACCA were his Oregon <u>arson</u> convictions.

The "relevant background legal environment at the time of sentencing" supports this conclusion. *See Snyder*, 871 F.3d at 1129 (quotation marks omitted). "[T]he relevant background legal environment is . . . a 'snapshot' of what the controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *Id*.

At the time of Buck's sentencing in August 2006, the Supreme Court had held that a prior state conviction satisfies the ACCA's enumerated offense clause if its statutory definition substantially corresponds to the "generic" meaning of the enumerated offense. *See Taylor v. United States*, 495 U.S. 575, 599, 602 (1990). We had not weighed in on the generic definition of arson at that time. However, at least two other circuit courts had and both defined generic arson as the "willful and malicious burning of property," including personal property such as timber, crops, and automobiles. *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230-31 (9th Cir. 2005*)* (quotation marks omitted); *see also United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991). Buck's conviction for

first degree arson in violation of Ore. Rev. Stat. § 164.325 substantially corresponds to this generic definition.[2] *See Velasquez-Reyes*, 427 F.3d at 1230-31 (concluding second degree arson conviction under Washington statute prohibiting "knowingly and maliciously caus[ing] a fire or explosion which damages a building, or any structure . . . or any wharf, dock, machine, engine, automobile, or other motor vehicle, watercraft, aircraft, bridge, or trestle, or hay, grain, crop, or timber, . . . or any range land, or pasture land, or any fence, or any lumber, shingle, or other timber products, or any property" satisfied generic arson); *Hathaway*, 949 F.2d at 610-11 (concluding third-degree arson conviction under Vermont statute prohibiting the willful and malicious burning of personal property worth at least $25 satisfied generic arson). Therefore, at the time of sentencing, there would have been "little dispute" that his three first-degree Oregon arson

---

[2] At the time of Buck's convictions in 1991, § 164.325 provided: "A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, the person intentionally damages . . . [p]rotected property of another." (R. Vol. 1 at 66 (quotation marks omitted).) "Protected property" was defined as "any structure, place or thing customarily occupied by people, including 'public buildings' as defined by ORS 479.010 and 'forestland,' as defined by ORS 477.001." (*Id*. (quotation marks omitted).) Oregon defined "public building" as "a building in which persons congregate for civic, political, educational, religious, social or recreational purposes, including among others, state buildings, courthouses, schools, colleges, libraries, museums, exhibit buildings, lecture halls, churches, assembly halls, lodge rooms, dance halls, theaters, skating rinks, bath houses, armories, recreation piers, grandstands and bleachers in exhibition parks or fields, and jails." (*Id*. at 66 n.5 (quoting Ore. Rev. Stat. § 479.010 (renumbered as § 479.168 in 2005).) And it defined "forestland" as "any woodland, brushland, timberland, grazing land or clearing that, during any time of the year, contains enough forest growth, slashing or vegetation to constitute, in the judgment of the forester, a fire hazard, regardless of how the land is zoned or taxed." (*Id*. (quotation marks omitted).)

convictions fell within the scope of the ACCA's enumerated-offense clause.[3] *Snyder*, 871 F.3d at 1129. In fact, there was no dispute at his sentencing.

Considering the record in light of the relevant background legal environment, the judge correctly found Buck's sentence was enhanced based on the ACCA's enumerated-offense clause, not the residual clause. His *Johnson* claim, therefore, fails on the merits. *Snyder*, 871 F.3d at 1128-30.

Because the result reached by the judge is not reasonably debatable, we **DENY** a COA and **DISMISS** this matter.

---

[3] Buck argues the Supreme Court has defined "generic" arson as "'causing a fire or explosion with 'the purpose of,' e.g., 'destroying a building . . . of another' or 'damaging any property . . . to collect insurance.'" *Begay v. United States*, 553 U.S. 137, 145 (2008) (quoting ALI Model Penal Code § 220.1(1)(1985)). He claims his Oregon statute of conviction is broader than this definition in two respects: (1) generic arson requires an intent to destroy while the Oregon statute requires a broader intent to damage and (2) the generic definition requires the destruction of a building or other structure, while the Oregon statute relates to the broader category of "protected property." *See supra* note 2.

Whether *Begay* set forth the generic definition of arson is debatable, *see United States v. Misleveck*, 735 F.3d 983, 985 (7th Cir. 2013) (rejecting argument that the Supreme Court chose the Model Penal Code's definition of arson as the definition of generic arson and rejecting as "absurd[]" the idea that generic arson should be confined to the Model Penal Code's definition). But that is beside the point. *Begay* was decided in 2008, almost 2 years after Buck's sentencing hearing. The "relevant background legal environment" does not include "post-sentencing decisions" like *Begay*. *Snyder*, 871 F.3d at 1129.

Moreover, at the time of Buck's sentencing, *Taylor* allowed a sentencing court, when faced with a statute that is broader than the generic offense, to examine the charging document, jury instructions or plea agreement to decide what the defendant was charged with. *Taylor*, 495 U.S. at 602. Without objection, the presentence reporter examined the underlying indictment and found it charged Buck with three-counts of "unlawfully and intentionally damag[ing] protected property, to wit a dwelling house . . . by starting a fire." (Supp. R. at 8-9.) In other words, Buck was charged with burning a building or other structure.

Buck was allowed to proceed in this matter without prepayment of fees (*ifp* or *in forma pauperis*).  Nevertheless, the relevant statute does not permit litigants to avoid payment of fees; only prepayment of those fees.  *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security therefor") (emphasis added).  All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge