**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JIMMY EUGENE RHODES,

    Defendant - Appellant.

No. 17-6096
(D.C. Nos. 5:16-CV-00799-R and
5:01-CR-00202-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

Jimmy Rhodes appeals the district court's denial of his 28 U.S.C. § 2255

motion. Exercising jurisdiction under 28 U.S.C. § 2253(c), we affirm.

**I**

In 2002, Rhodes was convicted in federal court of several drug and firearm

offenses. A Presentence Investigation Report ("PSR") indicated that Rhodes was

subject to a fifteen-year mandatory minimum under the Armed Career Criminal Act

("ACCA"), 18 U.S.C. § 924(e)(1). It identified a prior conviction for shooting with

intent to kill and two prior convictions for second degree burglary, all in Oklahoma

state court. At sentencing, the district court asked defense counsel whether he

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

disagreed with the ACCA enhancement "based on the defendant's prior convictions" and counsel responded that he had no objection. The district court adopted the PSR. It imposed a total sentence of 260 months. Neither the PSR nor the district court explicitly stated which clause of ACCA was applied.[1]

We affirmed on direct appeal. United States v. Rhodes, 62 F. App'x 869, 870 (10th Cir. 2003) (unpublished). Rhodes did not raise any sentencing issues. He then filed a § 2255 habeas motion arguing ineffective assistance of counsel, which was denied. We did not grant a COA. United States v. Rhodes, 157 F. App'x 84 (10th Cir. 2005) (unpublished).

Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the residual clause of ACCA, we granted Rhodes authorization to file another habeas motion to raise claims based on Johnson. In his motion, Rhodes argued that his sentence was invalid because his prior convictions were considered under the residual clause of ACCA. The district court stated that "the record does not support his contention" and concluded that Rhodes was not actually raising a Johnson claim. It dismissed his motion as untimely. Rhodes appealed, and we granted him a certificate of appealability.

---

[1] At the time of Rhodes' sentencing, a prior conviction could qualify as a violent felony for ACCA purposes under three separate clauses: the elements clause, which includes felonies that have "as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i); the enumerated offense clause, which covers "burglary, arson, or extortion, [or] involves use of explosives," § 924(e)(2)(B)(ii); or the residual clause, which encompassed felonies that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B)(ii).

**II**

In a § 2255 appeal, we "review the district court's findings of fact for clear error and its conclusions of law de novo." United States v. Barrett, 797 F.3d 1207, 1213 (10th Cir. 2015) (quotation omitted). As relevant here, a habeas motion must be filed within one year of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," whichever date is later. § 2255(f)(1), (3). The district court concluded that, because Rhodes failed to show his ACCA enhancement was imposed under the residual clause, he was not actually asserting a claim under Johnson and that decision did not provide him a new limitations period.

After briefing in this appeal was complete, we issued an opinion holding that "to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim." United States v. Snyder, 871 F.3d 1122, 1126 (10th Cir. 2017). We ordered supplemental briefing on the impact of Snyder. In light of that decision, the government concedes that Rhodes' motion is timely.

Although Snyder establishes that Rhodes motion is timely, it also fatally undermines his claim. As we explained in that case, "it may be possible to determine that a sentencing court did not rely on the residual clause—even when the sentencing record alone is unclear—by looking to the relevant background legal environment at

3

the time of sentencing." Id. at 1129 (quotation omitted). If a sentencing court did not rely on the residual clause, a Johnson claim necessarily fails because the Supreme Court did "not call into question application of [ACCA] to the four enumerated offenses, or the remainder of [ACCA's] definition of a violent felony." 135 S. Ct. at 2563.

At the time Rhodes was sentenced, our court had repeatedly held that Oklahoma second degree burglary qualified as an enumerated offense if underlying documents indicated that the defendant burgled a building. See United States v. Green, 55 F.3d 1513, 1515-16 (10th Cir. 1995); United States v. Hill, 53 F.3d 1151, 1153-55 (10th Cir. 1995) (en banc); United States v. Amos, 984 F.2d 1067, 1070-71 (10th Cir. 1993).[2] Rhodes' PSR and the government's ACCA notice (to which state court documents were attached) indicate that Rhodes was convicted of burgling homes. We are not directed to any prior decision considering the Oklahoma statute at issue under the residual clause. To the contrary, we declined to analyze whether Oklahoma second degree burglary involved "serious potential risk of physical injury to another" in Amos because we concluded the crime "meets the Taylor court's

_____

[2] To qualify as an enumerated offense, a state statute must comport with the "generic" definition of the crime: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). Courts apply the categorical approach in considering whether a prior offense qualifies, but may look to state court documents in a narrow range of cases to determine whether a defendant was convicted of generic burglary despite an otherwise overbroad statute. Id. at 602. We express no opinion as to whether our prior cases remain good law following the Supreme Court's more recent clarifications regarding the so-called "modified categorical approach." See Mathis v. United States, 136 S. Ct. 2243, 2249 (2016).

4

definition of burglary" under the enumerated offense clause and thus "qualifies as a 'violent felony.'" 984 F.2d at 1071.

As in <u>Snyder</u>, "there would have been little dispute at the time of . . . sentencing that" Rhodes' burglary convictions constituted enumerated offenses. 871 F.3d at 1129. Accordingly, his "<u>Johnson</u> claim must fail because the district court's ACCA[] determination at the time of sentencing rested on the enumerated [offense] clause rather than the residual clause." <u>Id.</u> at 1130.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge