**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL WILLIAM IVERSON,

    Defendant - Appellant.

No. 17-8086
(D.C. Nos. 1:16-CV-00078-ABJ and
2:09-CR-00086-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

    Federal prisoner Michael Iverson seeks a certificate of appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2255 motion. For the reasons discussed below, we deny his request for a COA and dismiss this matter.

    In 2009, Iverson pleaded guilty to being a felon in possession of a firearm. Citing Iverson's prior Arkansas conviction for robbery and his two prior Texas convictions for aggravated assault with a deadly weapon, the sentencing court determined that Iverson had at least three prior convictions for offenses that qualified as violent felonies under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C.

_____

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

§ 924(e). It thus sentenced Iverson to 15 years in prison. *See* § 924(e) (imposing 15-year mandatory minimum sentence if defendant has three predicate convictions).

In May 2016, Iverson filed a counseled and timely § 2255 motion. He argued that under *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which struck down the ACCA's residual clause as unconstitutional—his prior convictions no longer qualify as predicate convictions under the ACCA. The district court denied relief, finding that (1) the record contained no indication that the sentencing court relied on the residual clause and (2) the sentencing court would have instead classified Iverson's prior convictions as ACCA predicates under the elements clause. *Cf. United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017) ("Considering the record in [defendant's] case in light of th[e] relevant background legal environment, we are unable to disagree with the district court's finding that its ACCA determination rested on application of the enumerated[-]crimes clause, rather than the residual clause."), *petition for cert. filed* Dec. 19, 2017 (No. 17-7157). Thus, because *Johnson* dealt only with the residual clause and Iverson wasn't sentenced under the residual clause, the district court concluded that his *Johnson* claim failed. *See id.*

Iverson now seeks to appeal the district court's denial of his § 2255 motion, but he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). To do so, Iverson "must demonstrate that reasonable jurists would find the district court's assessment" of his *Johnson* claim "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Iverson concedes that "the record in light of the background legal environment at the time shows that the [sentencing] court could have relied on the enumerated[-] offenses clause or [elements] clause at the time of sentencing" to classify his prior convictions as ACCA predicates. Aplt. Br. 3. And he acknowledges that under our recent decision in *Snyder*, we therefore cannot reach his residual-clause argument. *See* 871 F.3d at 1130. But he explains that he nevertheless appeals "to preserve further review [of] the issue of whether the residual clause may have affected his sentence." Aplt. Br. 4.

Because Iverson thus advances no grounds for us to conclude that reasonable jurists would debate the district court's ruling, we deny his COA request.

Entered for the Court


Nancy L. Moritz
Circuit Judge

3