FILED
United States Court of Appeals
Tenth Circuit

April 12, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES P. BURG,

      Defendant-Appellant.

No. 18-1301
(D.C. Nos. 1:18-CV-01116-JLK &
1:12-CR-00450-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MURPHY, and MORITZ,** Circuit Judges.

Mr. James P. Burg was convicted on federal charges of mail fraud
and willful failure to file a tax return, sentenced to 90 months'
imprisonment, and ordered to pay $2,464,099 in restitution. After
unsuccessfully appealing his sentence based on substantive reasonableness,
Mr. Burg sought to vacate his sentence under 28 U.S.C. § 2255, arguing

_____

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

     This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

that the sentencing court had erred in considering conduct not resulting in a conviction. The district court denied the motion as untimely, prompting Mr. Burg to appeal, seek a certificate of appealability, and move for leave to proceed without prepayment of the filing fee. Mr. Burg's argument on timeliness and the merits are at least reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (certificate of appealability standard); *see also United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017) (timeliness).We thus grant a certificate of appealability and excuse prepayment. But we affirm the denial of Mr. Burg's motion invoking § 2255.

Mr. Burg asserts that his motion is timely, arguing that the Supreme Court newly recognized a constitutional right in *Nelson v. Colorado*, ___ U.S. __, 137 S. Ct. 1249 (2017). For the sake of argument, we may assume that Mr. Burg is correct on timeliness. Even if he is, however, Mr. Burg's motion would fail on the merits.

Mr. Burg argues on appeal that the sentencing court erred in considering conduct that hadn't resulted in a conviction. In doing so, the court applied § 1B1.3 of the United States Sentencing Guidelines, which requires consideration of relevant conduct. In Mr. Burg's view, however, the U.S. Constitution forbids consideration at sentencing of conduct that hadn't resulted in a conviction.

The Supreme Court rejected this constitutional challenge in *United States v. Watts*, 519 U.S. 148 (1997). But Mr. Burg contends that *Watts* was overruled in *Nelson v. Colorado*, ___ U.S. ___, 137 S. Ct. 1249 (2017). There the Supreme Court addressed a Colorado law governing recoupment of court costs for criminal defendants who prove their innocence. *Nelson*, 137 S. Ct. at 1257–58. The Court invalidated the law under the Fourteenth Amendment's Due Process Clause. *Id.*

Mr. Burg acknowledges that *Nelson* didn't mention *Watts*, but he insists that *Watts* was overruled *sub silentio*. The Supreme Court cautions that its "decisions remain binding precedent until [the Supreme Court] sees fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continued vitality." *Hohn v. United States*, 524 U.S. 236, 252–53 (1998). Given this caution, the Supreme Court does not normally overrule prior opinions *sub silentio*. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000).

In light of the infrequency of this practice, we and every other circuit court to consider the issue have stated in nonprecedential opinions that *Nelson* did not overrule *Watts sub silentio*. *See United States v. Johnson*, 732 F. App'x 638, 660 n.19 (10th Cir. 2018) (unpublished) (declining to presume that *Nelson* overruled *Watts*); *United States v. Chapman-Sexton*, 2018 WL 6653018, at *5 (6th Cir. Dec. 18, 2018) (unpublished) ("*Nelson* . . . does not *sub silentio* overrule *United States v. Watts*."); *United States*

3

*v. Swartz*, 2018 WL 6641041, at *2 n.4 (2d Cir. Dec. 18, 2018) (unpublished) (rejecting an argument that *Nelson* overruled *Watts*). We share this view, for the Court in *Nelson* didn't consider whether relevant conduct could be used at sentencing. The Court instead addressed the constitutionality of a statute upping the burden to prove innocence in order to recover costs. 137 S. Ct. at 1257–58. Nowhere did the Court address the constitutionality of considering uncharged conduct at sentencing.

*Nelson* did not mention *Watts*, much less purport to overrule it. We thus conclude that *Nelson* did not overrule *Watts*. And Mr. Burg's constitutional claim is foreclosed by *Watts*. We therefore affirm the denial of Mr. Burg's § 2255 motion.

Entered for the Court

Robert E. Bacharach
Circuit Judge

4