**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MAURICE A. BYERS,

      Defendant-Appellant.

No. 05-6228

(W.D. of Okla.)

(D.C. No. CR-05-10-L)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **HARTZ** , and **TYMKOVICH** , Circuit Judges. **

Defendant-Appellant Maurice Byers, appeals the Western District of Oklahoma's imposition of a sentence under the Armed Career Criminal Act (ACCA), claiming that his prior convictions should have been alleged in the indictment and proved to a jury beyond a reasonable doubt. It is now settled that this argument is foreclosed by the Supreme Court's decision in *Almendarez-*

---

   * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

   ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

*Torres v. United States*, 523 U.S. 224 (1998). Accordingly, we AFFIRM the sentence imposed by the district court.

## I. Discussion

Pursuant to an indictment, Byers was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and being a felon in possession of body armor in violation of 18 U.S.C. § 931. The maximum penalties for these offenses were ten and three years in prison, respectively. [1] After Byers pleaded guilty the district court imposed a higher fifteen-year sentence under the ACCA, 18 U.S.C. § 924(e), finding that Byers had three or more previous violent or serious drug felony convictions.

Byers argued at sentencing and maintains before this court that the district court acted in contravention of the Fifth and Sixth Amendments to the Constitution when it imposed a sentence in excess of the maximum sentence available for the crime with which he was charged and to which he pleaded guilty. In doing so, Byers acknowledges that the Supreme Court has ruled that prior criminal history, including convictions, that increases the statutory penalty does not need to be pleaded by the Government in its indictment, nor proven to a jury. *Almendarez-Torres*, 523 U.S. at 247. Byers also concedes that we have

---

[1] Byers does not appeal the sentence imposed for his possession of body armor. As such, we refer only to the sentence imposed for his firearm conviction.

consistently held, on the basis of *Almendarez-Torres*, that prior criminal convictions which enhance a sentence are not elements of the offense which must be proved to a jury. *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000); *United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2005).

Given these concessions, there is little for us to do. It is true that at least one justice of the Court has suggested that *Almendarez-Torres* is ripe for reconsideration. *Shepard v. United States*, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring). But any change in the law will have to come from the Supreme Court, not us. Unless and until the Supreme Court chooses to revisit its decision in *Almendarez-Torres*, we are bound by it.

## II. Conclusion

For the foregoing reasons, we AFFIRM the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge