FILED
United States Court of Appeals
Tenth Circuit

June 27, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MAURICE A. BYERS,

　　　　Defendant - Appellant.

No. 17-6089
(D.C. Nos. 5:16-CV-00537-HE and
5:05-CR-00010-HE-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Petitioner Maurice A. Byers, a federal prisoner, seeks a certificate of appealability

to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition.

In 2005, Petitioner pled guilty to being a felon in possession of a firearm and to

possessing body armor after having been convicted of a crime of violence, in violation of

18 U.S.C. §§ 922(g)(1) and 931. The Armed Career Criminal Act provides for an

enhanced penalty for persons convicted of an offense under 18 U.S.C. § 922(g) who have

three distinct prior convictions for either a violent felony or a serious drug offense. *See*

18 U.S.C. § 924(e)(1). The court found Petitioner to be an armed career criminal based

---

[*]　This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on his criminal history of three or more violent felonies—which included previous Oklahoma convictions for (1) second-degree burglary, (2) robbery with a firearm, (3) shooting with intent to kill, and (4) assault with a deadly weapon—and sentenced him to 180 months on the felon-in-possession charge and a concurrent sentence of 36 months on the possession-of-body-armor charge. Petitioner's conviction and sentence were affirmed on appeal. *United States v. Byers*, 172 F. App'x 234 (10th Cir. 2006). At the time of sentencing, the ACCA defined "violent felony" via three possible clauses:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another [use of force or elements clause]; or
> (ii)    is burglary, arson, or extortion, involves use of explosives [enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . [residual clause].

18 U.S.C. § 924(e)(2)(B). In his habeas petition, filed in 2016, Petitioner seeks sentencing relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of 18 U.S.C. § 924(e)(2)(B). The gravamen of his argument is that he is entitled to *Johnson* relief because three of his prior convictions only qualified as violent felonies under this now-void residual clause.

In a § 2255 appeal, we "review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (quotation marks omitted). The habeas statute "allows a § 2255 motion to be filed within one year of 'the date on which the right asserted was initially recognized by the Supreme Court.'" *United States v. Snyder*, 871 F.3d 1122, 1126 (2017) (quoting 28

2

U.S.C. § 2255(f)(3) (emphasis omitted)). *Johnson*'s holding that the § 924(e)(2)(B) residual clause is constitutionally invalid was made retroactive for all cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). "[I]n order to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim." *Snyder*, 871 F.3d at 1126. Here, Petitioner invoked the newly recognized right in *Johnson* by arguing that the district court necessarily relied on the now-invalid residual clause in § 924(e)(2)(B) to determine his sentence. Because Petitioner filed his motion to vacate within a year of *Johnson*, his motion is timely under § 2255.

Petitioner has also adequately shown both cause and prejudice. His "*Johnson* claim was not reasonably available to [Petitioner] at the time of his direct appeal" in 2005, which this court has previously determined "is sufficient to establish cause." *Snyder,* 871 F.3d at 1127-28; *see also United States v. Driscoll*, --- F.3d ---, 2018 WL 2976271, at *6-7 (10th Cir. June 14, 2018). If Petitioner is correct regarding his *Johnson* claim, he should not have received a sentence enhancement under the ACCA. Given that a "sentence that is not authorized by law is certainly an 'actual and substantial disadvantage' of 'constitutional dimensions,'" *Snyder*, 871 F.3d at 1128 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)), Petitioner has demonstrated actual prejudice resulting from the alleged *Johnson* error, *Driscoll*, 2018 WL 2976271, at *7. Thus, Petitioner's claim overcomes any procedural default. *See Snyder*, 871 F.3d at 1127-28; *Driscoll*, 2018 WL 2976271, at *3.

3

Notwithstanding this preliminary analysis, we will only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In § 2255 motions where an unconstitutional reliance on the § 924(e)(2)(B) residual clause is asserted, the burden is on the defendant to "prove that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA." *Driscoll,* 2018 WL 2976271, at *6; *see also United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) ("We hold that the burden is on the defendant to show by a preponderance of the evidence—*i.e.*, that it is more likely than not—his claim relies on *Johnson*.).

The sentencing court did not articulate which of the three § 924(e)(2) clauses it relied upon to conclude that Petitioner's prior convictions constituted "violent felonies" under the ACCA. Petitioner argues that his past crimes do not constitute predicate felonies absent the now-void residual clause, so there is no constitutional basis for his § 924(e) enhancement. However, nothing in the sentencing record or the "relevant background legal environment at the time of sentencing" suggests that Petitioner's sentence was enhanced based on the residual clause. *Snyder*, 871 F.3d at 1129.

At the time Petitioner was sentenced, we had repeatedly held that Oklahoma second-degree burglary qualified as an enumerated offense if underlying documents

4

indicated that the defendant burgled a building.  *See United States v. Green*, 55 F.3d 1513, 1515-16 (10th Cir. 1995); *United States v. Hill*, 53 F.3d 1151, 1153-55 (10th Cir. 1995) (en banc); *United States v. Amos*, 984 F.2d 1067, 1070-71 (10th Cir. 1993); *see also Taylor v. United States*, 495 U.S. 575, 602 (1990).  In *Amos*, we declined to analyze whether Oklahoma second-degree burglary involved "serious potential risk of physical injury to another" because we concluded the crime "meets the *Taylor* court's definition of burglary" under the enumerated offense clause and thus "qualifies as a 'violent felony.'" 984 F.2d at 1071.  Here, the information states that Petitioner was charged with "wilfully and knowingly br[eaking] and enter[ing] *a dwelling* . . . by entering through the bedroom window, with the intent to commit larceny, without the knowledge or consent of the owner." (R. Vol I at 61 (emphasis added).)  Petitioner "cites no authority indicating Oklahoma second-degree burglary also qualified under the ACCA's residual clause." *Washington*, 890 F.3d at 897, and "there would have been little dispute at the time of . . . sentencing," *Snyder*, 971 F.3d at 1129, that Petitioner's burglary conviction qualified as an enumerated offense.  *See United States v. Rhodes*, 721 F. App'x 780, 782 (2018); *Washington*, 890 F.3d at 897-98.  Thus, Petitioner has not met his burden of showing that the sentencing court more likely than not relied on the residual clause in classifying his Oklahoma burglary as a predicate crime of violence.

Petitioner was convicted for robbery with a firearm under Oklahoma Title 21, § 801, which imposes an increased penalty on a defendant who "with the use of any firearms or any other dangerous weapon . . . attempts to rob or robs any place of business, residence or banking institution or any other place inhabited or attended by any person or

5

persons." Okla. Stat. tit. 21, § 801. Oklahoma defines robbery as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791; *see also Cannon v. State*, 107 P.2d 809, 810 (Okla. Crim. App. 1940) (recognizing that Section 801 was a statute of "classification," while Section 791 was a statute of "definition"). This court has previously determined that Oklahoma robbery by "force or fear," as defined in § 791, satisfies the use of force clause of the ACCA. *See United States v. Cherry*, 641 F. App'x 829, 831-33 (10th Cir. 2016). Robbery with a dangerous weapon under § 801 thus necessarily includes the wrongful taking of property from another "by force or fear" using a dangerous weapon. *See United States v. Hill*, 722 F. App'x 814, 817 (10th Cir. 2018) (citing *Primeaux v. State*, 88 P.3d 893, 906 (Okla. Crim. App. 2004)). "A conviction under § 801 therefore required proof of the use, threatened use, or attempted use of physical force," and constitutes a violent felony under one of the still-valid clauses of 18 U.S.C. § 924(e)(2)(B). *Hill*, 722 F. App'x at 817. Petitioner again has not met his burden of showing a likelihood that the sentencing court relied on the residual clause.

Petitioner's final two ACCA predicate crimes are (1) shooting with the intent to kill and (2) assault with a deadly weapon, both of which were alleged as violations of Oklahoma Title 21, § 652. At the time Petitioner was charged, this statute provided:

> A. Every person who intentionally and wrongfully shoots another with or discharges any kind of firearm, with intent to kill any person, shall upon conviction be punished by imprisonment in the State Penitentiary not exceeding life.

6

B. Every person who uses any vehicle to facilitate the intentional discharge of any kind of firearm, crossbow or other weapon in conscious disregard for the safety of any other person or persons shall upon conviction be punished by imprisonment in the State Penitentiary for a term of not less than two (2) years nor more than twenty (20) years.

C. Any person who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, or in any manner attempts to kill another, or in resisting the execution of any legal process, shall upon conviction be punished by imprisonment in the State Penitentiary not exceeding twenty (20) years.

Okla. Stat. tit. 21, § 652(C). The crime of shooting with the intent to kill, as defined in subparagraph A, clearly has as an element the use of violent force, capable of causing physical pain or injury to another person. *See Johnson v. United States (Curtis Johnson)*, 559 U.S. 133, 140 (2010). Petitioner does not challenge this position.

With respect to Petitioner's predicate assault, this court has previously determined that "assault and battery with a deadly weapon under Okla. Stat. Ann. tit. 21, § 652(C) (1994) [which contained identical language] has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Burtons*, 696 F. App'x 372, 381 (10th Cir. 2017) (citing § 924(e)(2)(B)(i)) (quotation marks omitted). Petitioner tries to argue that this conviction is not a crime of violence because Oklahoma law requires "only the slightest force or touching" to constitute a simple assault, *see Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989), which falls short of the "violent force—that is, force capable of causing physical pain or injury to another person"—required to satisfy the use of force or elements clause, *Curtis Johnson*, 559 U.S. at 140 (emphasis omitted). When presented with this argument, we have consistently held that "the additional element of a deadly or dangerous weapon makes an

7

apprehension-causing assault a crime of violence, even if the simple assault would not be." *United States v. Mitchell*, 653 F. App'x 639, 643-45 (10th Cir. 2016) (relying on *United States v. Ramon Silva*, 608 F.3d 663, 670 (10th Cir. 2010)); *see also Washington*, 890 F.3d at 899-901 (explaining that *Ramon Silva* has been abrogated by *Mathis v. United States*, 136 S. Ct. 2243 (2016), but that *Ramon Silva* and other precedents are still important to consider in determining "[t]he relevant background legal environment at the time of Defendant's sentencing," which is important for deciding whether or not the conviction was more likely than not based on the residual clause). For these reasons, the conviction for assault with a deadly weapon stands as a predicate ACCA offense under the use of force or elements clause and is, therefore, unchanged by *Johnson*.

Petitioner has not met his burden of showing by a preponderance of the evidence that the sentencing court relied on the now-void residual clause in determining that his predicate convictions were crimes of violence for the purpose of an ACCA-based sentence enhancement. Reasonable jurists would not debate whether Petitioner has been denied a constitutional right. For these reasons, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

8